March 25, 1939

Honorable Esco Walter
County Attorney
Taylor County
Abilene, Texas

Dear Sir:

> Opinion No. 0-302
> Re: Whether Commissioners' Court
> should pay the premium on County
> Superintendent's bond and if not,
> who is to pay same, or out of what
> funds should it be paid?

Your request for an opinion on the above stated question has been received by this office. Your letter reads in part as follows:

> "Tom McGehee is County Superintendent of Schools in Taylor County, Texas, and is required under the law to make a one thousand dollar bond. Maryland Casualty Company has made his bond for $1,000 which has been approved by the Commissioners' Court, and has charged a premium of $18.50 for making this bond.

> "Taylor County pays the premium on bonds executed by other officials in the court house. Under the law should the county also pay the premium on Mr. McGehee's bond as they have the other officials in the court house? If Taylor County is not obligated to pay the premium on this bond, who is supposed to pay same, and out of what funds should this be paid?"

Article 2689 of the Revised Civil Statutes provides:

> "The county superintendent shall first take the official oath and shall enter into a

bond of the sum of one thousand dollars, with good and sufficient sureties, to be payable to and approved by the commissioners' court, conditioned upon the faithful performance of his duties. Any sum collected on a forfeiture of said bond shall become a part of the available county school fund."

Article 3899 of the Revised Civil Statutes, which provides for all reasonable expenses necessary in the proper and legal conduct of office including premiums on official bonds and the costs of surety bonds for deputies, applies only to the officials specifically named or designated in Article 3883. The County Superintendent of public instructions is not named in Article 3883, therefore Article 3899 supra would not be applicable relative to the County Superintendent of public instructions.

After a careful search and investigation of statutes we are unable to find any statute which authorizes the Commissioners' Court to pay the premium on the official bond of the County Superintendent of public instructions.

You are respectfully advised that it is the opinion of this Department that the Commissioners' Court has no authority to pay the premium on the official bond on the County Superintendent of public instructions out of any County funds and the County Superintendent of public funds would be personally liable and should pay the premium on his official bond.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

(Signed)

By Ardell Williams
Ardell Williams
Assistant

AW:bbb

APPROVED:

W. F. Moore          (Signed)

FIRST ASSISTANT ATTORNEY GENERAL